AGATHA T. NOTT AND THOMAS NOTT, Her Husband, Complainants, *vs.* CHAS. T. GULICK, Guardian of ANTOINE A. DOIRON, Defendant.

BILL IN EQUITY TO CANCEL A DEED. APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT.

HEARING, SEPTEMBER 26, 1894. DECISION, OCTOBER 25, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

A signature to a deed, alleged to be a forgery, had considerable resemblance to an admitted signature of the grantor. No motive was shown for the fraud on the part of the officer who took the acknowledgment, or those concerned in the matter. The grantor admitted that she made an informal deed, which was not produced, of the same property, for the same consideration, to the same person, about the same time: Held, the deed was not a forgery.

OPINION OF THE COURT, BY BICKERTON, J.

The complaint in this case sets out that the principal plaintiff owns certain property in Wailuku, Maui; that her father is the said Doiron, and that he holds possession of a certain deed conveying said property to him, which purports to have been executed and acknowledged by said plaintiff. That she never executed or authorized the execution or acknowledgment of said deed; that said deed is a false, forged and fraudulent document, and prays that it may be cancelled, &c., &c.

There is only one question for us to consider, is this deed a forgery or not? It is simply a question of fact to be found from the evidence; there is no question of law involved.

The court from which this appeal comes. decided that it was a genuine instrument and not a forgery as declared by the plaintiffs, and decreed that plaintiffs' bill be dismissed. We are of the same opinion.

The claim that the deed is a forgery rests on the evidence of the plaintiff, Mrs. Agatha T. Nott. She denies positively that she ever executed or acknowledged the deed in question, or visited or had any conversation about the deed with Mr. Kalua, the attorney who drew it and certified to the acknowledgment of the same. But she says she was in Wailuku on the 6th day of February, 1889 (the date of the deed), having arrived there from Paia three days before the date of the birth of her grandchild, which was on the 9th. She also says that after her first husband's death (in 1887), there were debts left and the creditors were pushing her to pay, and that her father proposed to her to make everything over to him, so that she could get more time with the creditors. This she says she did, and wrote the document herself on half a sheet of note paper and gave it to her father; that no money was paid, the object of the paper being that she would not lose her land. One suit had been brought against her and she had to pay the money, and others were threatened. She also testifies to the language used in the paper she wrote; this was very informal. She says she has never seen this paper since she gave it to her father, certainly it was not produced in court. It is not unreasonable to suppose that the formal deed now in question was made in place of the informal one which may have been destroyed. The fact that Mrs. Nott admits that she did make a deed of the identical property for the same consideration, viz. $1500, to the same person about the time the deed now in question was dated, seems to us a very strong point against the plaintiffs.

The old man, Doiron, is now *non compos mentis* and under guardianship, consequently unable to testify in the case.

The evidence of Mr. Kalua is very positive in its nature as to the arrival of the plaintiff at Wailuku and discribes the conveyance and horse she arrived at his office with; her coming there with her father, Mr. Doiron; the instruction she gave him about the deed; the consideration named, $1500; the execution and acknowledgment of said deed and the fact of their leaving with it the other papers in connection

with the property, and paying him six dollars for his services. The evidence of Father Leonore points very strongly to the delivering of the deed in question to Doiron, for he testifies that Mr. Doiron placed all his papers in his hands to take care of for him, and afterwards, when requested to examine them he found this deed among the papers ; that he had never heard of it before. This traces the deed as coming directly from the possession of Doiron.

The evidence of the two Nott brothers only shows that they first heard of the deed in question when it was shown to them by Father Leonore, but in no way affects the genuineness of it.

There is a small piece of paper on file, a bill of sale of a horse, written in pencil by Mrs. Nott and signed by her, also some other specimens of her signature. On comparing these with the signature on the deed in question, which, according to the evidence of Mr. Kalua, was made with a stub pen, which was the only kind he used in his office, we find that though there is some difference in the capital letters there is a great similarity in the remainder of the signature—in several instances the finish of the last letter " r " is almost exactly like the signature in the deed, her name at that time being A. D. Bigueur.

There is nothing in the case to show that Mr. Kalua had any motive to forge this signature and that is what Mrs. Nott clearly intimates in her evidence he did. To find that this signature was forged would be to say that Mr. Kalua had been guilty of forgery and perjury, without any evidence to support such a finding. It is clear to us that the plaintiff made this deed for the purpose of delaying and avoiding her creditors. We find the deed to be a genuine one.

The appeal is dismissed and the decree of the lower court affirmed.

*C. W. Ashford*, for complainants.
*W. A. Kinney*, for defendant.